# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RICHARDSON,                                   ) | CV F- 03-6879 REC DLB P |
| )                                                            | |
| Plaintiff,     ) | ORDER DISMISSING COMPLAINT |
| ) | WITH LEAVE TO AMEND |
| v.                            ) | |
| ) | |
| J. AVILA, et al.,                                        ) | |
| ) | |
| Defendants.  ) | |
| _____ ) | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. Pending before the Court is the complaint, originally filed in the Central District of California and transferred to this court in December 2003.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

Plaintiff brings action against two parole agents in the Merced Parole Department.  He alleges that his rights have been violated by a court order requring him to register under Penal Code Section 290 as a "sexual predator."  He alleges that J. Avila, a supervising agent, required him to register despite his underlying offenses being non-violent.  He also alleges that Avila placed him on High Control parole and violated him on 4 occasions for being under the influence of cocaine despite him asking for help.

Plaintiff seeks monetary damages and the removal of his registration requirement.

Plaintiff's complaint is not in compliance with Federal Rule of Civil Procedure 8(a).  Rule 8(a)calls for a "short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Id. at 47.

Plaintiff's claims are vague and confusing.  It appears that plaintiff is complaining about the conditions of his parole but he fails to identify a constitutional right he claims was violated.  It is not clear what court imposed the registration requirement or when it was imposed.  It is plaintiff's duty to set forth his claims in a manner that complies with Rule 8(a).  It is not the duty of the court to wade through plaintiff's exhibits, sift out the relevant facts, and weave plaintiff's claims together for him.

Plaintiff shall file an amended complaint that sets forth separately each of plaintiff's claims and within each claim sets forth the facts that support the claim.  Plaintiff must allege facts linking the actions or omissions of the named defendants to the violation of his rights.

To the extent the registration requirement was imposed in his underlying conviction, his claim may not be cognizable under section 1983.  Where "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must

1 first achieve favorable termination of his available state, or federal habeas, opportunities to challenge
2 the underlying conviction or sentence." Muhammad v. Close, 124 S.Ct. 1303, 1304 (2004) (citing to
3 Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying
4 Heck to a prison disciplinary hearing where good-time credits were affected).  In any event, until
5 plaintiff files a complaint in compliance with Rule 8, the Court cannot determine whether plaintiff
6 has a cognizable claim.

7     In summary, the Court finds it necessary to dismiss the complaint in its entirety.  The Court
8 will grant plaintiff an opportunity to amend to cure the deficiencies of this complaint.  Failure to cure
9 the deficiencies will result in dismissal of this action without leave to amend.

10     If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
11 complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy,
12 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named
13 defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some
14 affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v.
15 Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,
16 588 F.2d 740, 743 (9th Cir. 1978).

17     In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to
18 make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
19 complaint be complete in itself without reference to any prior pleading.  This is because, as a
20 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d
21 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer
22 serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,
23 each claim and the involvement of each defendant must be sufficiently alleged.

24     In accordance with the above, IT IS HEREBY ORDERED that:
25     1. Plaintiff's complaint is dismissed; and
26     2. Plaintiff is granted thirty days from the date of service of this order to file an
27 amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of
28

1  Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket
2  number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original
3  and two copies of the amended complaint; failure to file an amended complaint in accordance with
4  this order will result in dismissal of this action.
5        IT IS SO ORDERED.
6        **Dated:   May 16, 2006**                    **/s/ Dennis L. Beck**
   3b142a                                          UNITED STATES MAGISTRATE JUDGE